PER CURIAM.
On June 30, 1961 this Court entered an order in which we recited that “this matter is hereby terminated without prejudice to any right which the applicant has to further proceedings under the Rules of the Supreme Court of Florida Relating to Admission to the Florida Bar, 31 F.S.A.”
On July 3, 1961 the applicant, George L. Onett, filed in this Court a "Supplemental Petition to Review Application for Bar Examination.” Attached to this document are three affidavits which the applicant offered to contradict the specifications filed against the applicant by the Florida Board of Bar Examiners and a number of letters from public officials of Dade County attesting to the moral character and fitness of the applicant. The applicant states that these documents entitle him to 'take the Bar Examination.
In the first order filed in this cause by this Court we directed the Board of Bar Examiners "to determine the right of the applicant to take the Bar examination and to file an amended return to the petition of the applicant * * * on or before June 1, 1961, after which this court will decide the matter.”
In view of the fact that the applicant’s complaint was that the Board of Bar Examiners had not, after a lapse of several months, made any determination as to his right to take the Bar examination, and in view of the fact that the relief sought was an order of this Court directing that such determination be made, the italicized words in the order, as set forth above, were both surplusage and incorrect.
As pointed out in our order of June 30, 1961, when the Board, of Bar Examiners made its determination and so advised the applicant that he was not entitled to take the Bar examination the function of the initial petition filed by applicant had been served.
By his “Supplemental Petition” the applicant is in effect asking this Court to “interview and hear such candidate and make such inquiry of the Board and others as shall be necessary to a decision” as to *176 his eligibility to take the Bar examination pursuant to Sec. 21, Art. IV, Rules of the Supreme Court Relating to Admissions to the Bar, 31 F.S.A.
It is apparent to us that due to the words “after which this court will decide the matter” contained in our order above referred to, which order was entered on March 20, 1961, both the Board of Bar Examiners and the applicant have assumed that we would after the filing of the amended return of the said Board proceed to determine whether applicant should or should not be admitted to the Bar examination.
Such was not our intention. The use of said words was unfortunate. We now withdraw and strike them from said order.
It is the obvious intent of the Rules of this Court Relating to Admissions to the Bar that one seeking application to the Bar examination should make every reasonable effort to prove to the Board of Bar Examiners that he is qualified to take such examination before he applies to this Court for a determination of such question. That this is the plain intent of the Rules is found in Section 20. Article IV, Rules Relating to Admission to The Florida Bar, and which reads as follows:
“Section 20. No person shall be admitted to the bar examination unless he first produces satisfactory evidence to the Board that he is of good moral character, that he has an adequate knowledge of the standards and ideals of the profession and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.”
Common sense and logic also dictate this construction of the said Rules. I'f they were not so construed every applicant, without attempting to convince the Board of or submitting proof to it as to his eligibility, could by-pass the Board and come directly to this Court for a determination of his fitness to take the examination.
While the powers and duties of this Court under the said Rules and Sec. 23, Art. V, Fla. Constitution, F.S.A. are not restricted merely to a review of the action of said Board, it is clear that it is intended that an applicant shall have exhausted every reasonable opportunity afforded him by the Board to prove his fitness before he asks this Court to determine his fitness.
In this matter the applicant has not exhausted every reasonable opportunity to determine his fitness to take the Bar examination.
The Board did on or about May 27, 1961 serve the applicant with specifications in which he was charged with, in 1957 and 1959, having committed two actions which if done by an attorney would have constituted a violation of the code of ethics governing the practice of law.
In the document containing these specifications the applicant was advised that he had the right to submit evidence to rebut the charges and was entitled to a formal hearing thereon, if desired.
The applicant notified the Board that he desired a hearing on the charges and then withdrew the request saying that he would instead file an appropriate motion with this Court. He then filed his “Supplemental Petition” before this Court.
As above explained applicant now asks us de novo to determine his fitness to take the examination.
We recognize an inconsistency in the Amended Return, filed by the Board in accordance with our order of March 20, 1961, and the document attached thereto, which document included the specifications above referred to. Both documents were apparently served on applicant at the same time. In the Amended Return the Board states that it has determined, the applicant not to he eligible to take the examination, *177 while in the document attached it is stated that the Board will, after the expiration of 20 days, determine the fitness of the applicant. This inconsistency was no doubt prompted by our use of the unfortunate words, above referred to, in our order of March 20, 1961.
The Amended Return would indicate that the Board had made a final determination of applicant’s fitness. If viewed in this light applicant would have no recourse except to come to this Court.
However the document attached to the return, and including the specifications, clearly says that the matter was not yet determined and gave the applicant the opportunity to explain or disprove the charges and otherwise show his fitness.
The specifications against the applicant make an issue of fact as to his fitness which we think ought to be aired and the truth, falsity or circumstances in extenuation thereof be determined by the Board before the applicant comes to this Court.
Accordingly, the “Supplemental Petition” is hereby denied but without prejudice to the right of the applicant to offer further evidence to and to have a formal hearing before the Board of Bar Examiners on the question of his eligibility. If applicant desires a formal hearing he must request same in writing to the said Board within IS days from the date of this order. If he requests such formal hearing he shall have the right to offer evidence before and at the time of the hearing. If he requests no such hearing he must submit any additional evidence within 20 days from date of this order, unless the time be extended by the said Board.
It is so ordered.
ROBERTS, C. J., and HOBSON, DREW, THORNAL and O’CONNELL, JJ-, concur.
TERRELL and THOMAS, JJ., not participating.